## J. A. DAVIDSON v. SOUTHERN RAILWAY COMPANY.

(Filed 15 November, 1911.)

1. **Railroads—Crossings—Issues—Negligence—"Last Clear Chance"—Evidence.**

   In an action for damages to plaintiff's team while endeavoring to cross defendant railroad company's track at a public crossing, no issue as to the last clear chance is raised on evidence tending to show, on plaintiff's part, that at a signal from defendant's watchman he was endeavoring to and would have crossed safely except for the act of defendant's yardmaster in slapping his mules in the face, causing them to run into a passing train; and on defendant's part, that the watchman signaled the plaintiff's

DAVIDSON v. R. R.

driver to stop, and that the injury was caused by his not having done so and by whipping up his team when the yardmaster was endeavoring to prevent his crossing at the time.

2. Issues—"Last Clear Chance"—Objections and Exceptions—Issues Submitted—Issues Requested.

When the complaining party has not submitted an issue, or excepted to the issues tendered, he cannot successfully appeal for the failure or refusal of the judge to submit the issue.

3. Railroads—Crossings—Contributory Negligence—Instructions— Evidence—Intimation of Court.

In an action for damages for injury to plaintiff's mules and wagon at a railroad crossing in a collision with the passing train of defendant railroad company, under conflicting evidence as to whether the proximate cause was the negligence of the defendant's employees or the negligence of the plaintiff's driver in whipping up the mules when the employees were endeavoring to keep them from crossing the track, it is reversible error appearing of record for the trial judge to instruct the jury that they should answer the issue as to contributory negligence in the affirmative, should they find that plaintiff's driver, by assisting the defendant's employees to stop the mules, could have avoided the injury complained of; and if they do not so find, they will answer this issue "Yes."

APPEAL from *Lyon, J.,* at May Term, 1911, of IREDELL.

These issues were submitted without objection:

1. Were plaintiff's mules and wagon injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Were the mules and wagon injured by the contributory negligence of the plaintiff's driver, as alleged in the answer? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover? Answer: . . . . .

The court rendered judgment for defendant, and plaintiff appealed.

*H. P. Grier, Z. V. Long for plaintiffs.*
*L. C. Caldwell for defendant.*

BROWN, J. The evidence for plaintiff tends to prove that his driver, Arthur Johnson, approached defendant's tracks at Statesville with a view to crossing; that the watchman signaled

him to cross, and as he was driving across, the yardmaster hit
the mules in the face and tried to stop them, and that in conse-
quence they were injured by a train. Plaintiff contends that
if the yardmaster had not interfered, his team would have safely
crossed.

The defendant's evidence tends to prove that the watchman
signaled the driver to stop before he started across the tracks;
that he did not heed the signal; that when the yardmaster
attempted to·stop and turn the mules, the driver whipped them
up, in consequence of which the approaching train ran into
them.

It is contended that his Honor should have submitted an
issue as to the last clear chance. Upon the evidence in this
case and the contentions of the parties, we do not think the issue
is raised. If it was, however, the plaintiffs failed to tender the
issue and except to those submitted.

The plaintiff excepted to the charge of the court upon the
second issue, which is as follows: "Now, the defendant con-
tends that if you should find that the defendant was negligent,
if you should find that it signed, or invited the plaintiff's driver,
Johnson, to come on with the wagon and team, that still plain-
tiff's servant was guilty of contributory negligence; when he
was on the main track, when they tried to stop him—the evi-
dence, you will remember, tends to show that the plaintiff John-
son was on the middle track, the main track; that Garrison
jumped off the car and ran and hit the mules in the face with
his hat, caught hold of one of them, and the flagman ran around
with his flag trying to flag them down; the evidence tends to
show that the driver of plaintiff's team put whip to them and
forced them on. If you find that to be a fact, notwithstanding
the negligence of the defendant, if you find that the defendant
was negligent; if you further find that, notwithstanding the
defendant's negligence, the plaintiff could have avoided the
injury by assisting the flagman and Garrison to stop the mules
and not whip them, and if you find that his putting whip to
the mules and not trying to stop is the proximate cause, the
burden being on the defendant to show by the greater weight of

the evidence, it would be your duty to answer the second issue 'Yes.' If you do not so find that it was the negligence on the part of Johnson, the driver, why you would answer the second issue 'Yes.' "

It may be that his Honor inadvertently used the word "Yes" at close of the above paragraph, and intended to use the word "No." But we are bound by the record.

If the evidence offered by the defendant is believed, the driver Johnson was guilty of very gross negligence which directly caused the injury and would bar a recovery; but this evidence was controverted by plaintiff.

The instruction of the court, as appearing in the record, was tantamount to directing a verdict. He charged, substantially: "If you do not find that Johnson was guilty of negligence, you will answer second issue 'Yes.' " This is manifest error and entitles plaintiff to another trial. We doubt not that the record is erroneous, or else that it was a *lapsus linguæ* upon the part of the careful and painstaking judge; but it appears so in the record, and we are bound by it. It is our duty to state that the case on appeal was agreed to by counsel and not submitted to the judge.

New trial.